**MSG**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ANDREW CAMPBELL and :
SANDRA CAMPBELL :                              5547
42 Grove Road :
Cromwell, CT  06416 :
      Plaintiffs :
v. :                                           CIVIL ACTION NO.
  :
ROMARK LOGISTICS OF PA., INC. :
100 Cando Expressway (rt 924) :
Hazleton, PA 18202 :
      Defendant :

## COMPLAINT

### Jurisdiction

1. The Plaintiffs, Andrew and Sandra Campbell, are individuals and husband and wife who reside at 42 Grove Road, Cromwell, Connecticut 06416.  The Plaintiffs are citizens of the State of Connecticut.

2. Defendant, Romark Logistics of PA, Inc.(hereinafter referred to as Romark), is a Pennsylvania corporation organized and existing under the laws of the Commonwealth of Pennsylvania which regularly conducts business in the Commonwealth of Pennsylvania with an office for service located at 100 Cando Expressway (Rt. 924), Hazelton, Pennsylvania  18202.  The Defendant Romark is a citizen of the Commonwealth of Pennsylvania.

3. This Court has original diversity and amount in controversy jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1).

4. The Plaintiff demands a trial by jury.

### Facts

5. All times material hereto this Complaint, Defendant Romark, owned, operated, managed, possessed and/or controlled a warehousing, packaging and transportation business and real property located at 100 Cando Expressway (Rt. 924) in Hazelton, Pennsylvania.

6. At all times material to this complaint, the Defendant Romark, their servants, agents, employees, contractors and assigns were responsible for any and all snow and/or ice

removal on the property located at 100 Cando Expressway (Rt. 924) in Hazelton, Pennsylvania.

7. At all times material to this Complaint the Defendant acted or failed to act by and through their agents, servants, workman and/or employees who were then and there acting within the scope of their authority and course of their employment with the Defendant, in furtherance of the Defendant business and on behalf of the Defendant.

8. On or about January 5, 2013 at approximately 3:30 pm, and for sometime prior thereto, Defendants, acting as aforesaid, carelessly and negligently allowed a dangerous and defective condition, to wit an accumulation of ice and/or snow to remain at the premises located at 100 Cando Expressway (Rt. 924) in Hazelton, Pennsylvania.

9. On or about January 5, 2013 at approximately 3:30 pm the Plaintiff drove onto the aforesaid premises, possessed and controlled by the Defendant, at the expressed or implied business invitation of the Defendant, parked his employer's truck in the designated parking area and then exited the truck when he was caused to slip and fall on an accumulation of ice and/or snow negligently and carelessly allowed to accumulate on the Defendant's premises in an area the Defendant knew or should have known the Plaintiff and others like him were likely to traverse.

10. Said Defendant was responsible for the proper maintenance, including but not limited to snow and/or ice removal of the area in which the Plaintiff parked and slipped and fell and to keep said parking area safe for business invitees such as the Plaintiff.

11. On or about January 5, 2013 at approximately 3:30 pm while a business invitee of the Defendant, the Plaintiff Andrew Campbell, did fall by reason of a dangerous and defective condition, an accumulation of ice and/or snow, located in the parking lot area of the Defendant Romark at the aforesaid location causing the Plaintiff, Andrew Campbell to strike his head and suffer the injuries which form the basis for this action.

12. The negligence and carelessness of the Defendant Romark acting as aforesaid consisted of the following:
    a. Allowing and causing a dangerous and defective condition, an accumulation of ice and/or snow to exist in the parking lot of the Defendant Romark's place of business at the aforesaid location, of which they knew or should have known by exercise of reasonable care;
    b. Failing to correct said dangerous condition of which they knew or in the exercise of reasonable care should have known constituted a danger to persons lawfully on the premises;

c. Failing to keep and maintain the aforesaid parking lot in a reasonably safe condition for use by business invitees;

d. Failing to provide and maintain an unobstructed and safe route of travel for the Plaintiff, Andrew Campbell;

e. Failing to warn the Plaintiff, Andrew Campbell or other business invitees of the existence of said dangerous condition of which Defendant Romark knew or should have known existed;

f. Failing to inspect said parking lot at reasonable intervals in order to determine the condition thereof;

g. Disregarding the rights and safety of the Plaintiff, Andrew Campbell, by failing to properly remove ice and/or snow in or about the area where the Plaintiff fell;

h. Failing to exercise due care under the circumstances by failing to properly remove ice and/or snow in or about an area where the Plaintiff parked his employer's truck;

i. Violating the applicable ordinances, statutes and codes of the City of Hazelton, and the Commonwealth of Pennsylvania by failing to properly remove ice and/or snow in or about an area where business invitees were allowed to and expected to park; and

j. In being otherwise careless, reckless and negligent, the particulars of which are presently unknown to the Plaintiffs but which may be learned by discovery procedures provided by the Federal Rules of Civil Procedure or which may be learned at trial of this cause.

12. The aforesaid accident was due solely to the negligence and carelessness of the Defendant Romark, their agents, contractors, employees, servants and/or workmen, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on part of the Plaintiff, Andrew Campbell.

## Count I
## Plaintiff, Andrew Campbell v. Defendant Romark Logistics of PA, Inc.

13. Plaintiff, Andrew Campbell, hereby incorporates by reference hereto all of the allegations contained in the general averments.

14. As a result of this accident, Plaintiff, Andrew Campbell has suffered injuries as may be diagnosed by Plaintiff's health care providers which are or may be serious and permanent in nature, including but not limited to concussion, post concussive syndrome, closed head injury, traumatic brain injury, cognitive deficits, headaches, nausea, dizziness, drowsiness, fatigue and confusion all of which injuries have in the past, and may in the future cause Plaintiff great pain and suffering.

15. Plaintiff lost the wages of his employment and his earning capacity may have been impaired.

16. Solely as a result of the aforesaid, Plaintiff has been and may in the future be prevented from attending his usual duties, occupation and activities to his great financial detriment and loss.

17. Plaintiff has been and may in the future be compelled to expend large and various sums of money for medicines and medical care in an attempt to cure in himself of his injuries, to his great financial loss and detriment.

18. As direct and reasonable result of the accident aforementioned, Plaintiff has or may hereafter incur other financial expenses which he may otherwise be entitled to recover.

19. As a further result of the accident aforementioned, Plaintiff has suffered severe and physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Andrew Campbell demands judgment against the Defendant Romark in a sum in excess of Seventy-five Thousand ($75,000.00) Dollars.

## Count II
### Plaintiff, Sandra Campbell v. Defendant Romark Logistics of PA, Inc.

20. Plaintiff Sandra Campbell, hereby incorporates by reference hereto all of the allegations in the General Averments and Count I of this Complaint.

21. Solely as a result of the aforesaid accident Plaintiff, Sandra Campbell, as wife of the Plaintiff, Andrew Campbell, has been deprived of the aid, assistance, society, comfort, companionship, earnings, earning power and consortium of her husband, all of which has been to her great emotional and financial detriment and loss.

**WHEREFORE**, Plaintiff, Sandra Campbell demands judgment against the Defendant Romark in a sum in excess of Seventy-five Thousand ($75,000.00) Dollars.

The Plaintiffs,

Andrew V. O'Shea, Esq.
avoshea@comcast.net
1500 JFK Boulevard; Suite 1020
Philadelphia, PA  19102
215-561-1010;  215-762-0465(fax)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrew Campbell
Sandra Campbell

**DEFENDANTS**
Romark Logistics of Pennsylvania, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew O'Shea, Esq.
Law Offices of Andrew O'Shea
1500 JFK Boulevard; Suite 1020; Philadelphia, PA 19102 215-561-1010

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☒ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

☐ 2 U.S. Government Defendant

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Premises Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____ DOCKET NUMBER _____

DATE 09/26/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

SEP 26 2014

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 42 Grove Road; Cromwell, CT 06411

5547

Address of Defendant: 100 Cando Expressway (Rt. 924) Hazelton, PA 18202

Place of Accident, Incident or Transaction: 100 Cando Expressway (Rt. 924) Hazelton, PA 1820

*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☐

Does this case involve multidistrict litigation possibilities?    Yes☐    No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐    No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐    No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐    No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐    No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) Premises liability

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Andrew O'Shea , counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    85435
                        Attorney-at-Law            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    SEP 2 6 2014    _____
                        Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

**MSG**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Andrew Campbell
Sandra Campbell

Romark Logistics of PA, Inc.

CIVIL ACTION

14 NO. 5547

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (✓)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

09/26/2014                                          Andrew O'Shea
**Date**              **Attorney-at-law**           **Attorney for** Plaintiffs

215-561-1010    215-762-0465      avoshea@comcast.net
**Telephone**         **FAX Number**               **E-Mail Address**

(Civ. 660) 10/02

SEP 26 2014